# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELLY ELLIOTT, *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>SPE TERRA NOVA VILLAS APARTMENT OWNERS, LLC, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 24-cv-0447-BAS-JLB<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS***<br><br>**(ECF No. 2)** |

On March 6, 2024, Plaintiff Nelly Elliott, proceeding pro se, commenced this action. (ECF No. 1.) The same day, Plaintiff also filed an application seeking leave to proceed without prepaying fees or costs, also known as proceeding in forma pauperis ("IFP"). (ECF No. 2.) For the reasons discussed below, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's application to proceed IFP.

Under 28 U.S.C. § 1915, an indigent litigant who is unable to pay the fees required to commence a legal action may petition a court to proceed without making such prepayment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993).

It is well-settled that a party need not be completely destitute to proceed in forma pauperis. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (internal quotations omitted). At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g., Olivares v. Marshall*, 59 F.3d 109, 111 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). The facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

Having read and considered Plaintiff's application, the Court finds that Plaintiff fails to meet the requirements for IFP status under 28 U.S.C. § 1915. Regarding her income, all fields are given a value of "$0.00," and Plaintiff lists her total monthly income as "$0.00." (ECF No. 2 at 1–2.) Similarly, the employment history and cash holdings sections are given values of "$0.00," and Plaintiff does not list any assets. (*Id.* at 2–3.) Despite discussing minor children in the Complaint, Plaintiff does not list minor children under the section for persons Plaintiff supports. (*Id.*) Under expenses, all fields listed as "$0.00," although, from the Complaint, Plaintiff claims to rent an apartment and have minor children. (*Id.* at 4–5.) Despite these apparent expenses, Plaintiff lists total monthly expenses as "$0.00." (*Id.*)

It is not apparent how Plaintiff is obtaining the necessities of life, and in turn whether this source of funds—if it exists—can cover the required filing fee in this action. The Court can draw no conclusions from the incomplete and self-contradictory IFP application. Thus, the application does not indicate that requiring Plaintiff to pay the required $400 fee would impair her ability to obtain the necessities of life.

In light of the foregoing, the Court **DENIES** Plaintiff's application to proceed IFP **WITHOUT PREJUDICE**. (ECF No. 2.) To proceed IFP, Plaintiff must refile the IFP application by **April 22, 2024** with more specific information regarding the aforementioned sources of income and monthly expenses.

**IT IS SO ORDERED.**

**DATED: March 25, 2024**

Hon. Cynthia Bashant
United States District Judge