# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL ELLIOTT; NELLY ELLIOTT, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>SPE TERRA NOVA VILLAS APARTMENT OWNERS, LLC, *et al.*,<br><br>    Defendants. | Case No. 24-cv-0447-BAS-JLB<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR SUBSTITUTED SERVICE (ECF No. 33); AND**<br><br>**(2) RENEWING ORDER TO SHOW CAUSE (ECF No. 12)** |

Plaintiffs Russell Elliott and Nelly Elliott ("the Elliotts") are self-represented. They filed this case seeking relief for alleged housing discrimination. (Complaint, ECF No. 1.) One of the Defendants is Victoria Orr. (*Id.*) Defendant Orr allegedly worked as the community manager for the apartment complex where Plaintiffs resided. (*Id.*)

Rule 4(m) of the Federal Rules of Civil Procedure provides that if the defendant is not served within ninety days after the complaint is filed, the court must dismiss the action against the defendant or order that service be made within a specific time. Although the summons was issued in September 2024, Plaintiffs had not served Defendant Orr by

January 2025. (ECF No. 11.) The Court ordered Plaintiffs to show cause as to why the case against Defendant Orr should not be dismissed under Rule 4(m). (ECF No. 12.)

Plaintiffs missed the Court's deadline to show cause. Nevertheless, Plaintiffs have filed a Motion for Substituted Service. (ECF No. 33.) In the Motion, Plaintiffs explain that they attempted to serve Defendant Orr "on multiple occasions" at 440 E. H. St., Chula Vista, CA 91910. (*Id.*) Exhibit 1 shows the process server attempted service by leaving the materials with "Roberto Gonzalez," who is identified as an "Assistant Supervisor" at the address. (*Id.*)

Under Rule 4, a party can complete service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Upon review, Plaintiffs were attempting substituted service under California state law. (Mot. 2 (citing Cal. Civ. Proc. Code § 415.20).)

Personal service on an individual requires "delivery of a copy of the summons and of the complaint to the person to be served." Cal. Civ. Proc. Code § 415.10. An individual may be served by substituted service if the summons and complaint "cannot with reasonable diligence be personally delivered to the person to be served." *Id.* § 415.20(b). "Ordinarily, . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made." *Espindola v. Nunez*, 199 Cal. App. 3d 1389, 1392 (1988). Substituted service then requires, among other things, "leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address." Cal. Civ. Proc. Code § 415.20(b).

Here, Plaintiffs' process server attempted to serve Defendant Orr at the apartment complex where Plaintiffs resided. However, it appears that Defendant Orr no longer works at the address for two reasons. First, several other Defendants filed an Answer on February 21, 2025, including Defendant Orr's alleged employer. (Answer, ECF No. 17.) In that filing, the "answering Defendants admit Victoria Orr was *previously* the Community

Manager of the property located at 440 East H Street, Chula Vista, CA 91910." (Answer, ECF No. 17.) Second, the process server's declaration notes the server was told on several different days that Defendant Orr was "not in" at that address. (Mot. Ex. 1.) Therefore, the Court is unpersuaded that Plaintiffs were attempting service at "a proper place." *See Espindola*, 199 Cal. App. 3d at 1392. The Court is likewise unconvinced that Plaintiffs have shown "reasonable diligence" that would allow substituted service under state law.

Plaintiffs appear to recognize as much. They therefore ask the Court to authorize a different form of service. (Motion 3–4.) Plaintiffs request the Court to permit service on a law firm that is purportedly representing Defendant Orr in a state court case. (*Id.*)

The Court denies Plaintiffs' request. Although California's rules on substituted service are liberally construed, there is no indication that Plaintiffs have attempted personal service at Defendant Orr's residence or current place of employment. If unsuccessful despite reasonable diligence, substituted service would then be appropriate at Defendant Orr's "dwelling house, usual place of abode, usual place of business, or usual mailing address . . . ." *See* Cal. Civ. Proc. Code § 415.20(b).[1] Therefore, the Court finds this case does not present the circumstances where authorizing an alternative form of substituted service is necessary. *See Bein v. Brechtel-Jochim Grp., Inc.*, 6 Cal. App. 4th 1387, 1392 (1992) ("To be constitutionally sound the form of substituted service must be reasonably calculated to give an interested party actual notice of the proceedings and an opportunity to be heard in order that the traditional notions of fair play and substantial justice implicit in due process are satisfied." (citation modified)). The Court will afford Plaintiffs additional time to complete service in a manner allowed under Rule 4 or California state law.

//
//

---

[1] Alternatively, Plaintiffs' process server could attempt service under Rule 4(e)(2), which provides service may be accomplished by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."

## CONCLUSION

For the reasons described above, the Court **DENIES** Plaintiffs' Motion for Substituted Service (ECF No. 33). Plaintiffs have not demonstrated that an alternative method of service is necessary in these circumstances.

The Court also renews its order to show cause under Rule 4(m). Plaintiffs must show cause as to why the case against Defendant Orr should not be dismissed for lack of service no later than **July 2, 2025**. Plaintiffs may show cause by filing proof of service on the docket. <u>The Court cautions Plaintiffs that a failure to show cause will result in the Court dismissing the case against Defendant Orr without prejudice</u>.

**IT IS SO ORDERED.**

**DATED: June 11, 2025**

Hon. Cynthia Bashant, Chief Judge
United States District Court