# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL ELLIOTT; NELLY ELLIOTT, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>SPE TERRA NOVA VILLAS APARTMENT OWNERS, LLC, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 24-cv-0447-BAS-JLB<br><br>**ORDER:**<br><br>**(1) ADDRESSING NOTICE OF MAIL DELAYS;**<br><br>**(2) DISMISSING WITHOUT PREJUDICE MINOR CHILDREN'S CLAIMS;**<br><br>**(3) DENYING REQUEST FOR APPOINTMENT OF COUNSEL;**<br><br>**(4) DISMISSING WITHOUT PREJUDICE CLAIMS AGAINST DEFENDANT VICTOR;**<br><br>**(5) DENYING MOTION FOR RECONSIDERATION (ECF No. 38); AND**<br><br>**(6) DISMISSING WITHOUT PREJUDICE CLAIMS AGAINST DEFENDANT VICTORIA ORR** |

Plaintiffs Russell Elliott and Nelly Elliott ("the Elliotts") are self-represented. They filed this case seeking relief for alleged housing discrimination. (Complaint, ECF No. 1.) On June 11, 2025, the Court issued two orders providing guidance to the Elliotts and warning them that some claims may be dismissed. The Court received two responses from

the Elliotts. (ECF Nos. 37, 38.) They also filed a notice concerning mail delays. (ECF No. 36.) Each item is considered below.

## I. NOTICE OF MAIL DELAYS

On June 30, 2025, the Elliotts filed a Notice of Temporary Mail Delays and Hindrance in Receiving Mail. (ECF No. 36.) The Elliotts use a U.S. Post Office box in Chula Vista, CA, for their mailing address. In their Notice, the Elliotts state they have experienced delays receiving mail due to construction at the Post Office. (*Id.*) The Elliotts also ask the Court to allow service through an email address. (*Id.*)

First, the Court is mindful of the fact that the Elliotts are receiving service by mail. Given their Notice of Temporary Mail Delays, the Court will consider their other two filings, even though those filings were received after the Court's deadlines. In other words, the Elliotts will not be punished for any temporary delay in accessing their mail.

Second, the Court denies without prejudice the Elliotts' request to receive service by email. If the Elliotts would like the privilege of electronic filing and service, then there is a procedure for them to follow on the Court's website: Representing Yourself in Federal Court (Pro Se) – https://www.casd.uscourts.gov/ProSe.aspx. Under "Information about Filing in Federal Court," the Elliotts can learn more about the electronic filing requirements. There is also a form the Elliotts can complete to submit a "Motion for Leave to Electronically File Documents." If the Elliotts meet the Court's requirements for electronic filing, then they should file the appropriate motion. The Court will then consider their request.

## II. REPRESENTATION OF MINORS AND APPOINTMENT OF COUNSEL

The Court drew the Elliotts' attention to the fact that they are trying to bring claims on behalf of their two minor children, but the Elliotts cannot do so without counsel. (ECF No. 35.) The Court then ordered the Elliotts to explain why the minor children's claims should not be dismissed.

The Elliotts filed a response asking the Court to allow them to continue representing their minor children as pro se litigants. (ECF No. 37.) The Elliotts argue that they can

advocate for the minors' best interests. (*Id.*) They also argue the rule against minor representation is discriminatory in light of the Elliotts' limited financial resources. (*Id.*)

The Court has considered the Elliotts' arguments, but this rule is the law. This Court must follow the decisions from the Court of Appeals for the Ninth Circuit. That higher court has held that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). Therefore, the Court cannot let the Elliotts represent their minor children.

The Court turns to the Elliotts' request for appointment of counsel. Although there is no right to counsel in civil actions, a district court may request counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) in "exceptional circumstances." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). The court, however, does not have authority to compel counsel to provide representation. *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, the court may only "request" that counsel serve. 28 U.S.C. § 1915(e)(1); *see also United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986) (noting that § 1915 only permits a court to "request" counsel, not to compel representation). Nor may the court appoint publicly funded counsel. "The Supreme Court has declared that 'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress.'" *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989) (citing *United States v. MacCollom*, 426 U.S. 317, 321 (1976)). Congress has not provided funds to pay counsel secured under 28 U.S.C. § 1915(e). *See 30.64 Acres of Land*, 795 F.2d at 801. Accordingly, the court is limited to making a request for pro bono counsel to provide voluntary representation.

The decision to request pro bono counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiffs to articulate their claims *pro se* in light of the complexity of the legal issues

involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither of these factors is dispositive; instead, the court must view both factors together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, the Court first notes that the Elliotts are not proceeding *in forma pauperis*. The Court twice denied their request to proceed without paying the filing fee because their application was incomplete and contradictory. (ECF Nos. 3, 9.) The Elliotts then paid the filing fee. (ECF No. 10.) Therefore, the Court was unable to determine whether the Elliotts are indigent, and they are not proceeding under 28 U.S.C. § 1915. That fact also means the Court did not screen the Elliotts' Complaint to determine whether it stated a claim upon which relief could be granted.

Putting the indigency issue aside, however, the Court recognizes that the minor children cannot articulate their claims without counsel. But that is only one factor for the Court to consider. The Court also must evaluate the likelihood of success on the merits. The Elliotts' Complaint contains limited information about their children's claims. The most detailed factual allegation is that an apartment manager told the Elliotts their children were not allowed to write with chalk or play on common area sidewalks because there were playgrounds available. (*See* Compl. 2, 6.) In exercising its discretion, and on this limited record, the Court finds there are no exceptional circumstances that necessitate appointment of counsel for the Elliotts' children's claims. *See Tackett v. United States Dep't of Health & Hum. Servs.*, No. CV 21-37-M-DLC-KLD, 2021 WL 6499543, at *2 (D. Mont. May 7, 2021) (exercising discretion to deny appointment of volunteer counsel for minor children). The Court thus denies without prejudice the request for appointment of counsel.

Accordingly, the Court will dismiss the Elliotts' children's claims, and the Court denies the request for appointment of counsel.

### III. CLAIMS AGAINST DEFENDANT VICTOR

One of the Complaint's Defendants is "Victor," who is identified as a maintenance employee at the apartment complex where the Elliotts resided in Chula Vista. (Complaint 3.) On February 2, 2025, the Elliotts filed a proof of service stating this individual was personally served. (ECF No. 14.) However, while the other Defendants who were served have filed an Answer, Defendant Victor has not appeared to defend himself in this case. (*See* ECF No. 17.)

The Court later drew to the Elliotts' attention that they have the responsibility to keep this case moving forward against each Defendant. (ECF No. 35.) Otherwise, as the Court warned, their claims against a Defendant can be dismissed for failure to prosecute. Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). The Court provided guidance to the Elliotts on how to proceed. Finally, the Court gave the Elliotts until June 25, 2025, to show why the claims against Victor should not be dismissed.

The Court's deadline passed two weeks ago, but the Elliotts have not shown why the claims against Defendant Victor should not be dismissed for failure to prosecute. The Court's need to manage its docket and the public's interest in expeditious resolution of litigation support dismissing this Defendant. Further, the Court already employed a less drastic measure by issuing an order to show cause—with guidance—and expressly warning the Elliotts that a failure to comply with the Court's order would serve as an additional basis for dismissal. The Court therefore will dismiss this Defendant. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–62 (9th Cir. 1992).

### IV. MOTION FOR RECONSIDERATION

The Elliotts seek reconsideration of the Court's ruling on their request for substitute service. (ECF No. 38.) For background, Rule 4(m) of the Federal Rules of Civil Procedure provides that if the defendant is not served within ninety days after the complaint is filed, the court must dismiss the action against the defendant or order that service be made within a specific time. Although the summons was issued in September 2024, Plaintiffs had not

served Defendant Orr by January 2025. (ECF No. 11.) The Court ordered Plaintiffs to show cause as to why the case against Defendant Orr should not be dismissed under Rule 4(m). (ECF No. 12.)

Plaintiffs missed the Court's deadline to show cause. Nevertheless, Plaintiffs filed a Motion for Substituted Service. (ECF No. 33.) On June 11, 2025, the Court denied the Elliotts' Motion. (ECF No. 34.) The Court reasoned that the requirements for substitute service under state law were not met:

> Here, Plaintiffs' process server attempted to serve Defendant Orr at the apartment complex where Plaintiffs resided. However, it appears that Defendant Orr no longer works at the address for two reasons. First, several other Defendants filed an Answer on February 21, 2025, including Defendant Orr's alleged employer. (Answer, ECF No. 17.) In that filing, the "answering Defendants admit Victoria Orr was *previously* the Community Manager of the property located at 440 East H Street, Chula Vista, CA 91910." (Answer, ECF No. 17.) Second, the process server's declaration notes the server was told on several different days that Defendant Orr was "not in" at that address. (Mot. Ex. 1.) Therefore, the Court is unpersuaded that Plaintiffs were attempting service at "a proper place." *See Espindola*, 199 Cal. App. 3d at 1392. The Court is likewise unconvinced that Plaintiffs have shown "reasonable diligence" that would allow substituted service under state law.

(*Id.*) The Court also advised the Elliotts that their process server could attempt service under Rule 4(e)(2) of the Federal Rules of Civil Procedure, which provides service may be accomplished by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." (*Id.*) Finally, the Court stated the Elliotts must show cause by July 2, 2025, such as by filing proof of service on the docket. The Court again cautioned the Elliotts that a failure to show cause will result in the Court dismissing the case against Defendant Orr without prejudice.

On July 3, 2025, the Elliotts moved for reconsideration of the Court's ruling. (ECF No. 38.) Under the Civil Local Rules for the Southern District, a party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." S.D. Cal. Civ.

LR 7.1(i). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "A motion to reconsider is not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously unmeritorious arguments." *Reeder v. Knapik*, No. 07-cv-362-L(LSP), 2007 WL 2088402, at *2 (S.D. Cal. July 18, 2007); *see also Campion v. Old Republic Home Protection Co., Inc.*, No. 9-cv-748-JMA(NLS), 2011 WL 1935967, at *2 (S.D. Cal. May 20, 2011) ("[R]econsideration may not be used to get a second bite at the apple.").

Here, the Elliotts repeat arguments that were made in their initial Motion for Substitute Service. (ECF No. 38.) They again argue that substitute service is appropriate under state law, but the Court already determined Plaintiffs did not satisfy the relevant requirements. Nor have they shown why service cannot be completed, such as by attempting service at Defendant Orr's residence. The Court therefore denies the motion for reconsideration.

Overall, the Court has provided multiple opportunities for Plaintiffs to complete service on Defendant Orr, but they have not done so. The Court thus confirms it is appropriate to dismiss this Defendant under Rule 4(m).

## V.   CONCLUSION

For the reasons stated above, the Court **ORDERS** that:

(1)   The request to receive service by email is **DENIED WITHOUT PREJUDICE**.

(2)   The request for appointment of counsel is **DENIED WITHOUT PREJUDICE**.

(3)   The two minor children's claims are **DISMISSED WITHOUT PREJUDICE**.

(4)   Plaintiffs' claims against Defendant Victor are **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and for failure to comply with the Court's order to show cause.

(5) Plaintiffs' claims against Defendant Victoria Orr are **DISMISSED WITHOUT PREJUDICE** under Rule 4(m) and for failure to comply with the Court's two orders to show cause.

The Court notes that the Elliotts still have claims pending against the three Defendants who have answered. The Elliotts have the responsibility to keep their case moving against these Defendants.

**IT IS SO ORDERED.**

**DATED: July 10, 2025**

Hon. Cynthia Bashant, Chief Judge
United States District Court