**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUSSELL ELLIOT and NELLY ELLIOT,<br><br>                            Plaintiffs,<br><br>  v.<br><br>SPE TERRA NOVA APARTMENT OWNERS LLC., *et. al*,<br><br>                            Defendants. | Case No. 24-cv-00447-BAS-JLB<br><br>**ORDER:**<br>  **(1) DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (ECF No. 47)**<br><br>  **(2) DENYING PLAINTIFFS' MOTION FOR MORE DEFINITE STATEMENT (ECF No. 56)**<br><br>  **(3) DENYING PLAINTIFFS' MOTION TO ENFORCE JUDGMENT (ECF No. 57)**<br><br>  **(4) DENYING PLAINTIFFS' MOTION FOR CIVIL CONTEMPT (ECF No. 66)** |

1    For the reasons discussed below, the Court **DENIES** the captioned motions submitted by Plaintiffs Russell Elliott and Nelly Elliott ("Plaintiffs") against Defendants Spe Terra Nova Apartment Owners LLC, Apartment Management Consultants LLC, and Monica Flores ("Defendants"). (ECF Nos. 47, 56, 57, 66.)

## I. BACKGROUND

Plaintiffs, Russell Elliot and Nelly Elliott, are a married couple with minor children. (ECF No. 61.) Plaintiff Russell Elliott suffers from medical disabilities. (ECF No. 61 at 2:6-8.) On March 6, 2024, Plaintiffs, proceeding pro se, filed a Complaint alleging housing discrimination based on familial status, sex, disability, and national origin and intimidation. (ECF No. 1.) Plaintiffs allege that Defendants incorrectly assumed that their children left toys on the sidewalk near their apartment complex, where Plaintiffs resided at the time. (*Id*. at 3.) Plaintiffs also allege that, as a result of Defendants' actions, Plaintiffs are now homeless (ECF No. 61 at 2:14-15.) Defendants filed an Answer to Plaintiffs' complaint on February 21, 2025. (ECF No. 17.) Plaintiffs filed subsequent motions, including: (1) an ex-parte application for default judgment against all Defendants (ECF No. 47); (2) a motion for more definite statement against Defendant Spe Terra Nova Villas Apartment Owner LLC (ECF No. 56); (3) motion for enforcement of judgment against (ECF No. 57); (4) motion to hold Defendant Apartment Management Consultants, LLC in civil contempt (ECF No. 66). Though the Court is sympathetic to pro se litigants' challenges of navigating legal procedure without the aid of legal counsel, the Court denies these motions for the reasons below.

## II. DISCUSSION

### A. Motion for Default Judgment (ECF No. 47)

Plaintiffs filed a motion for default judgment against Defendants, alleging that Defendants failed to file a responsive pleading and should have default judgment entered against them pursuant to Federal Rule of Civil Procedure ("Rule") 55(b). (ECF No. 47.) However, Defendants have filed an Answer (ECF No. 17). *See Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005) (a responsive pleading is "a complaint and answer; a reply

to a counterclaim; an answer to a cross-claim; and a third party complaint and answer[ ]"). Thus, the Court **DENIES** Plaintiffs' motion for default judgment (ECF No. 47).

### B. Motion for More Definite Statement (ECF No. 56)

Plaintiffs filed a motion for more definite statement regarding Defendants' answer. (ECF No. 56.) More specifically, Plaintiffs allege that Defendants have failed to disclose their corporate structure, which Plaintiffs allege is important for determining who they are litigating against. (*Id*. at 4:9–5:13.) However, Rule 12(e) prohibits responsive pleadings to defensive matters alleged in answers. *Balsitis v. Cnty. of Orange*, No. SACV071418JVSRNBX, 2008 WL 11409133, at *2 (C.D. Cal. Mar. 10, 2008) (citing *Schwarzer, Tashmina & Wagstaffe*, Cal. Prac. Guide: Fed. Civ. Proc. Before Trial, 9:361). Defendants' answer consists entirely of affirmative defenses. (ECF No. 17.) Thus, the Court **DENIES** Plaintiffs' motion for more definite statement (ECF No. 56).

### C. Motion to Enforce Judgment (ECF No. 57)

Plaintiffs move to enforce a judgment lien from an unrelated action, to which Plaintiffs are not party. (ECF No. 57 at 1:26–2:7.) "It is a basic principle of law that a person who is not a party to an action is not bound by the judgment in that action." *Leu v. Int'l Boundary Comm'n,* 605 F.3d 693, 695 (9th Cir. 2010) (citing Restatement (Second) of Judgments §§ 34, 62 cmt. a (1982)). Thus, the Court **DENIES** Plaintiffs' motion to enforce judgment (ECF No. 57).

### D. Motion for Civil Contempt (ECF No. 66)

Plaintiffs move to hold Defendant Apartment Management Consultants, LLC in civil contempt for allegedly filing false statements in court and misrepresenting its corporate status. (ECF No. 66.) As a legal matter, contempt is only available when the district court finds by clear and convincing evidence that a party "violated a specific and definite order of the court." *Parsons v. Ryan,* 949 F.3d 443, 454 (9th Cir. 2020). Plaintiffs have failed to allege any specific court order in this action that Apartment Management Consultants, LLC could have violated. Thus, the Court **DENIES** Plaintiffs' motion to hold Apartment Management Consultants, LLC in civil contempt (ECF No. 66).

## IV. CONCLUSION

For the reasons above, the Court **DENIES** multiple motions submitted by Plaintiffs against Defendants, including: (1) Plaintiffs' motion for default judgment (ECF No. 47), (2) Plaintiffs' motion for more definite statement (ECF No. 56), (3) Plaintiffs' motion to enforce judgment (ECF No. 57), and (4) Plaintiffs' motion to hold Defendant Apartment Management Consultants, LLC in civil contempt (ECF No. 66).

**IT IS SO ORDERED.**

**DATED: December 15, 2025**

**Hon. Cynthia Bashant, Chief Judge
United States District Court**