**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUSSELL ELLIOT and NELLY ELLIOT,<br><br>                              Plaintiffs,<br><br>    v.<br><br>SPE TERRA NOVA APARTMENT OWNERS LLC., *et. al*,<br><br>                              Defendants. | Case No. 24-cv-00447-BAS-JLB<br><br>**ORDER:**<br>  **(1) DENYING PLAINTIFFS' MOTION FOR STAY (ECF No. 61);**<br><br>  **(2) DENYING PLAINTIFFS' MOTION FOR MORE DEFINITE STATEMENT (ECF No. 80); AND**<br><br>  **(3) DENYING PLAINTIFFS' MOTION TO APPOINT COUNSEL (ECF No. 82)** |

For the reasons discussed below, the Court **DENIES** the captioned motions submitted by Plaintiffs Russell Elliott and Nelly Elliott ("Plaintiffs") against Defendants Spe Terra Nova Apartment Owners LLC, Apartment Management Consultants LLC, and Monica Flores ("Defendants").  (ECF Nos. 61, 80, 82.)

- 1 -

## I.    BACKGROUND

Plaintiffs, Russell Elliot and Nelly Elliott, are a married couple with minor children. (ECF No. 61.)  Plaintiff Russell Elliott suffers from medical disabilities.  (ECF No. 61 at 2:6-8.)  On March 6, 2024, Plaintiffs, proceeding pro se, filed a Complaint alleging housing discrimination based on familial status, sex, disability, and national origin and intimidation. (ECF No. 1.)  Plaintiffs allege that Defendants incorrectly assumed that their children left toys on the sidewalk near their apartment complex, where Plaintiffs resided at the time. (*Id*. at 3.)  Plaintiffs also allege that, as a result of Defendants' actions, Plaintiffs are now homeless (ECF No. 61 at 2:14-15.)  Defendants filed an Answer to Plaintiffs' complaint on February 21, 2025.  (ECF No. 17.)  Plaintiffs filed subsequent motions, including: (1) a motion for temporary stay of proceedings (ECF No. 61); (2) a motion for indefinite stay of proceedings (ECF No. 80); and (3) a motion to appoint counsel (ECF No. 82).  Though the Court is sympathetic to pro se litigants' challenges of navigating legal procedure without the aid of legal counsel, the Court denies these motions for the reasons below.

## II.    DISCUSSION

### A.    Motions to Stay (ECF Nos. 61, 80)

Plaintiffs filed motions to stay proceedings (ECF Nos. 61, 80).  In both of Plaintiffs' motions (*id*.), Plaintiffs move the Court to stay proceedings based on its inherent authority to control its docket, as recognized in *Landis v. N. Am. Co.*, 299 U.S. 248 (1936).  In deciding whether to stay a case pursuant to their inherent docket-management authority, courts weigh three non-exclusive factors: "(1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law."  *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023).

Plaintiffs argue their case should be stayed "indefinitely" because: (1) they have "severe, documented disabilities exacerbated by litigation stress," (2) "state sponsored trauma . . . due to harassment and stalking by federal agents," and (3) "systemic judicial

24cv447

crisis" due to the "current national political climate." (ECF No. 80.) Plaintiffs are afraid that as U.S. citizens of Hispanic descent, they will not receive a fair adjudication of their claims. First, there is no provision for a party to receive "indefinite stay." This would create lasting damages both to Parties and to the orderly administration of justice. Second, the grounds articulated by Plaintiffs do not warrant such a stay.

Plaintiffs argue they are medically and financially impaired from continuing to litigate their case. (*Id.*) Although the Court is sympathetic to Plaintiffs' struggles, it must still follow the federal Rules of Civil Procedure. Under the Rules, it is a plaintiff's responsibility to move the case toward disposition on the merits, *In re Exxon Valdez,* 102 F.3d 429, 433 (9th Cir. 1996), and a pro se litigant must follow the same rules of procedure that govern other litigants. *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1986). Moreover, Plaintiffs have demonstrated capacity to continue litigating the case based on their continued pattern of filing motions in this case. The fact that Plaintiffs were able to pursue their claims in state and federal court shows that they do, in fact, have the capacity to pursue their rights. *Cf Johnson v. Yordy*, No. 1:21-CV-00262-BLW, 2021 WL 5145306, at *2 (D. Idaho Nov. 4, 2021), *aff'd sub nom. Johnson v. Idaho*, No. 21-35961, 2023 WL 4636468 (9th Cir. July 20, 2023) ("The fact that Plaintiff was able to pursue his claims in state court shows that he did and does, in fact, have the mental capability and legal capacity to pursue his rights.") Plaintiffs chose to file their action in this Court. Therefore, if they face hardship in litigating their action, it is of their own making. *See Suber v. VVP Servs., LLC*, No. 2:23-CV-02932-SPG (AGMX), 2023 WL 8143876, at *11 (C.D. Cal. Oct. 25, 2023) (denying plaintiff's request for stay when plaintiff cites unexpected litigation costs as the basis).

Additionally, Plaintiffs have not cited remaining *Landis* concerns regarding judicial economy or procedural justice as reasons to stay the present action. *Ernest Bock, LLC*, 76 F.4th at 842. Therefore, the Court **DENIES** Plaintiffs' motions to stay (ECF Nos. 61, 80).

If Plaintiffs wish to stop pursuing their case, they may, in the alternative, file a motion for the Court to dismiss their case without prejudice in accordance with Federal

24cv447

Rule of Civil Procedure ("Rule") 41(a)(2). Plaintiffs may either file a joint motion with Defendants under Rule 41(a)(2), or file an ex parte motion demonstrating that Defendants will not suffer "plain legal prejudice as a result of the dismissal." *Hamilton v. Firestone Tire and Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982).

### B.   Motion to Appoint Counsel (ECF No. 82)

Plaintiffs seek appointment of counsel (ECF No. 82.) Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id.* To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id.* Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if he or she voluntarily accepts the appointment. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[ ] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case").

Here, Plaintiffs moved for the court to appoint pro bono counsel on the basis that their indigence, homelessness, and disabilities constitute "exceptional circumstances." *See Terrell*, 935 F.2d at 1017. However, absent evidence that their disabilities or homeless significantly interfere with their ability to prosecute the case, Plaintiffs have not demonstrated "extraordinary circumstances" warranting appointment of counsel. *See Olson v. Smith*, 609 Fed. Appx. 370, 373 (9th Cir. 2015), *cert. denied*, 136 S.Ct. 1165 (2016) (disabilities); *see also Signorelli v. Hughes*, 363 Fed. Appx. 455, 456 (9th Cir. 2010)

24cv447

(disabilities); *Bolton v. Towing*, No. 523CV00941JLSAJR, 2023 WL 8168951, at *1 (C.D. Cal. Nov. 9, 2023) (homelessness); *Webb v. NaphCare, Inc.*, 2022 WL 2192977, at *2 (W.D. Wash. Jun. 16, 2022) (homelessness and indigence).  Plaintiffs have demonstrated that, despite their adverse circumstances, they have been able to continue prosecuting their case and articulating their claims without the assistance of counsel.  Further, neither the facts nor the legal issues involved in this case are unusually complex.  Accordingly, the Court **DENIES** Plaintiffs' motion for appointment of counsel (ECF No. 82).

## IV.   CONCLUSION

For the reasons above, the Court **DENIES** the following motions submitted by Plaintiffs: (1) motion for temporary stay of proceedings (ECF No. 61); (2) motion for indefinite stay of proceedings (ECF No. 80); and (3) motion to appoint counsel (ECF No. 82).

**IT IS SO ORDERED.**

**DATED: February 5, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 5 -

24cv447