**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUSSELL ELLIOT and NELLY ELLIOT,<br><br>                              Plaintiffs,<br><br>     v.<br><br>SPE TERRA NOVA APARTMENT OWNERS LLC., *et. al*,<br><br>                              Defendants. | Case No. 24-cv-00447-BAS-JLB<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 79)** |

For the reasons discussed below, the Court **DENIES** the motion for summary judgment (ECF No. 79) submitted by Defendants Apartment Management Consultants LLC, Monica Flores, and Spe Terra Nova Apartment Owners LLC.

## I.     DISCUSSION

Defendants move for summary judgment on the basis that Plaintiffs' lack of response to their requests for admission ("RFAs") translate to deemed concessions of Plaintiffs' entire case.  (ECF No. 79.)  However, courts within this Circuit have held that pro se

- 1 -

24cv447

plaintiffs who diligently prosecute their case but might not know the ramifications for failing to respond to requests for admission should be granted fair notice prior to the Court granting summary judgment against plaintiffs. *Jefferson v. Perez*, No. CIV S-09-3008 GEB, 2011 WL 4760796, at *1 (E.D. Cal. Oct. 7, 2011) (citing *Klingele v. Eikenberry,* 849 F.2d 409, 411–12 (9th Cir. 1988)).

Before a matter may be deemed admitted against a pro se litigant for failure to respond to a request, the RFA should contain a notice advising the party to whom the request is made that, pursuant to Rule 36 of the Federal Rules of Civil Procedure, the matters shall be deemed admitted unless said request is responded to within thirty (30) days after service of the request or within such shorter or longer time as the court may allow. *Jefferson*, 2011 WL 4760796, at *2. There is some inconsistency, if not unfairness, in allowing "deemed" admissions to stand as the sole basis of summary judgment against pro se plaintiffs without notice when plaintiffs have otherwise prosecuted their case. *Jefferson v. Perez*, No. CIV S-09-3008 GEB, 2011 WL 4760796, at *2 (E.D. Cal. Oct. 7, 2011).

Here, though Defendants' RFAs notify Plaintiffs that they need to respond within 30 days, Defendants did not include any language in those RFAs that the contents of the RFAs would constitute deemed admissions in the event of non-response. (*See* ECF Nos. 79-1, 79-2.)

## II.    CONCLUSION

The Court **ORDERS** Plaintiffs to refer to the RFAs and to either file a motion to withdraw their deemed admissions, *see* Federal Rule of Civil Procedure 36(b), or file a motion to inform the Court they wish to rest on their deemed admissions by **March 23, 2026**. **Failure to respond by March 23, 2026 will result in automatic admission of the matters requested, and may be relied upon as the basis for granting summary judgment. If summary judgment is granted, your case will be dismissed and there will be no trial.**

If Defendants wish to file a response to Plaintiffs' submissions in response to this Order, they would need to do so by **fourteen days following Plaintiffs' response to this**

- 2 -

24cv447

**Order**.  Once the parties submit their positions on whether Plaintiffs' admissions should be withdrawn, amended or admitted and whether additional discovery is warranted, the court will decide the status of plaintiff's deemed admissions.

Based on lack of notice to pro se Plaintiffs that non-response to RFAs within 30 days results in deemed admissions, the Court **DENIES** Defendants' motion for summary judgment.  (ECF No. 79.)  The motion for summary judgment is subject to renewal after resolution of the admissions issue.

   **IT IS SO ORDERED.**

**DATED: February 6, 2026**

_____
**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

24cv447