UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL ELLIOT and NELLY ELLIOT,<br><br>        Plaintiffs,<br><br> v.<br><br>SPE TERRA NOVA APARTMENT OWNERS LLC., *et. al*,<br><br>        Defendants. | Case No. 24-cv-00447-BAS-JLB<br><br>**ORDER GRANTING IN PART, DENYING IN PART PLAINTIFFS' MOTION TO WITHDRAW DEEMED ADMISSIONS AND FOR ADVERSE INFERENCE SANCTIONS**<br><br>**(ECF No. 87)** |

For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Russell Elliott and Nelly Elliott motion to withdraw deemed admissions and to impose adverse inference sanctions ("Motion"). (ECF No. 87.)

I.  **BACKGROUND**

Plaintiffs are a married couple with minor children. (ECF No. 61.) Plaintiff Russell Elliott suffers from medical disabilities. (ECF No. 61 at 2:6-8.) On March 6, 2024, Plaintiffs, proceeding pro se, filed a complaint alleging housing discrimination based on familial status, sex, disability, and national origin and intimidation against Defendants Apartment Management Consultants LLC, Monica Flores, and Spe Terra Nova Apartment

- 1 -

24cv447

Owners LLC ("Defendants").  (ECF No. 1.)  Plaintiffs allege that Defendants incorrectly assumed that their children left toys on the sidewalk near their apartment complex, where Plaintiffs resided at the time. (*Id*. at 3.)  Plaintiffs also allege that, as a result of Defendants' actions, Plaintiffs are now homeless (ECF No. 61 at 2:14-15.)  Defendants filed a motion for summary judgment.  (ECF No. 79.)  The Court denied Defendants' motion for summary judgment on February 6, 2026, for failure to adequately notify Plaintiffs prior to resting on Plaintiffs' deemed admissions.  (ECF No. 86.)  Plaintiffs then filed their Motion to withdraw their deemed admissions and to separately impose an adverse inference sanction against Defendants for deleting electronically-stored information.  (ECF No. 87.)  The Court considers Plaintiffs' requests below.

## II.    DISCUSSION

### A.    Withdrawal of Deemed Admissions Under Federal Rule of Civil Procedure 36

Federal Rule of Civil Procedure ("Rule") 36, which governs requests for admission, provides that a matter is deemed admitted unless the responding party serves written answers or objections to the requests for admission within 30 days after receipt.  Fed. R. Civ. P. 36(a)(3).  Matters admitted under Rule 36 are conclusively established unless the court allows the admissions to be withdrawn or amended.

"[T]he court may permit withdrawal or amendment if [(1)] it would promote the presentation of the merits of the action and [(2)] if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  Fed. R. Civ. P. 36(b).  Rule 36(b) is permissive.  Thus, if the Court finds that the two elements of Rule 36(b)'s test are met, the Court may, but is not required to, permit the withdrawal of the admissions. *Conlon v. United States,* 474 F.3d 616, 624–25 (9th Cir. 2007).  The Court must consider both factors before granting or denying a motion to withdraw admissions. *Id.* at 622.

The first half of the test in Rule 36(b) is satisfied when amendment of admissions "would promote the presentation of the merits of the action."  "The party seeking

withdrawal or amendment bears the burden of showing that granting the motion will promote the presentation of the merits." 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary*, Rule 36 (2021).  The Ninth Circuit and its lower courts have provided numerous examples of what satisfies this standard.  *See, e.g., Conlon*, 474 F.3d at 622 (admissions "would practically eliminate any presentation of the merits of the case"); *Tierny v. Haresh*, 2019 WL 1755495, at *2 (E.D. Cal. Apr. 19, 2019) (admissions "would establish legal conclusions or render undisputed material facts of the case"); *Hash v. Kanaan*, 2018 WL 9801926, at *1 (N.D. Cal. Mar. 20, 2018) (admissions "relate to the ultimate merits" and "foreclose a reasonable presentation of the merits of the case"); *Saenz v. Branch*, 2017 WL 6343485, at *2 (N.D. Cal. Dec. 12, 2017) (admissions "unnecessarily complicate[ ] and confuse[ ] an accurate presentation of the merits").

Under the second half of the test in Rule 36(b), the party relying on the deemed admissions has the burden of demonstrating prejudice.  *Conlon,* 474 F.3d at 622.  This inquiry turns on whether the nonmoving party would suffer prejudice at trial.  *Id.*  The prejudice contemplated by Rule 36(b) "relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted."  *Hadley v. U.S.*, 45 F.3d 1345, 1348 (9th Cir. 1995).  In other words, the inconvenience that may result if the admissions are withdrawn, without more, is insufficient to show prejudice.  *See id.* at 1349.

### 1.    Rule 36(b) Part One Analysis

The Court agrees with Plaintiffs that the first half the 36(b) test is satisfied.  Here, Plaintiffs allege "upholding the admissions would completely foreclose any presentation of the merits . . . [and] have Plaintiffs concede every element of their housing discrimination claims. . . [a]llowing them to stand would prevent this case from ever being decided on the facts."  (ECF No. 87 at 8:22-28.)

The relevant admissions in this Order are referred to as "Deemed Admissions" and are included and enumerated in an exhibit accompanying Defendants' motion for summary

24cv447

judgment. (*See* ECF No. 79-1.) Deemed Admissions Nos. 1–13 state that Plaintiffs did not experience discrimination as prohibited by law from Defendants. Deemed Admissions Nos. 14–16 contradict Plaintiffs' allegations in their complaint regarding Monica Flores' statements to Plaintiffs and their children that they were not permitted to play in certain areas of Defendants' apartment complex. Deemed Admissions Nos. 17–30 state that Plaintiffs did not experience intimidation on the basis of belonging to a class protected by law. Deemed Admissions Nos. 32–33 state conclusions regarding Plaintiffs' "tangible" and "non-tangible" damages. Given that the aforementioned Deemed Admissions essentially regurgitate elements of legal and damages issues in this action, the Court finds that Deemed Admissions Nos. 1–30, 32–33 "would establish legal conclusions" in the case. *See Tierny*, 2019 WL 1755495, at *2.

Further, Deemed Admissions Nos. 34–43 generally refer to the availability of documents possessed by Plaintiffs to support to the allegations—and as such, keeping them admitted "would practically eliminate any presentation of the merits of the case". *Conlon*, 474 F.3d at 622. Lastly, Deemed Admission No. 31, which states that Plaintiffs were evicted for failure to pay rent, implies that Plaintiffs were not evicted for any legally actionable reason stated in their complaint and also "practically eliminate any presentation of the merits of the case." *Conlon*, 474 F.3d at 622.

Thus, granting Plaintiffs' withdrawal request regarding the aforementioned Deemed Admissions would "promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

### 2.    Rule 36(b) Part Two Analysis

Defendants have not responded to Plaintiffs' withdrawal of deemed admissions, or otherwise demonstrated prejudice suffered, at trial or otherwise, upon withdrawal of Plaintiff's admissions. For instance, Defendants have not suggested in their motion for summary judgment (ECF No. 79) or in an opposition to Plaintiffs' motion to withdraw deemed admissions that they could not obtain evidence necessary to prove its admissions

24cv447

during discovery. *See Cent. Tel. Co. v. Rlo Equip. Inc.*, No. 2:22-CV-00723-GMN-BNW, 2025 WL 1358585, at *3 (D. Nev. Apr. 2, 2025). Moreover, though Defendants solely rest upon Plaintiffs' deemed admissions in its motion for summary judgment (ECF No. 79), the Ninth Circuit has concluded that "reliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice." *Conlon,* 474 F.3d at 624.

Accordingly, the Court **GRANTS** Plaintiffs' request to withdraw deemed admissions. (ECF No. 87.)

### B.    Adverse Inference Sanctions

Rule 37(e)(2)(A)–(C) permits an adverse inference sanction if the movant can prove that the nonmoving party acted with "intent to deprive another party of the information's use in litigation." Fed. R. Civ. P. 37(e)(2)(A)–(C).

Here, Plaintiffs request an adverse inference sanction because Defendants deleted evidence on their website (https://www.terranovaapts.com/apartments/ca/chula-vista/photos) in alleged bad faith. (ECF No. 87 at 9–10.) However, Plaintiffs have not presented any evidence for why the photos previously stored at the aforementioned URL are either relevant to the current litigation or why they believe that Defendants acted in bad faith when deleting the photos.

As such, the Court **DENIES** Plaintiffs' request for adverse inference sanctions. (ECF No. 87.)

### III.   CONCLUSION

For the reasons above, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion. (ECF No. 87.)

**IT IS SO ORDERED.**

**DATED: March 12, 2026**

_____
**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

24cv447