UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSEL ELLIOTT, et al.,<br><br>                                          Plaintiffs,<br><br>v.<br><br>SPE TERRA NOVA APARTMENT OWNERS LLC, et al.,<br><br>                                          Defendants. | Case No.:  24-cv-00447-BAS-JLB<br><br>**REPORT AND RECOMMENTATION RE: DEFENDANT SPE TERRA NOVA VILLAS APARTMENT OWNER, LLC'S, APARTMENT MANAGEMENT CONSULTANTS, LLC'S, AND MONICA FLORES' MOTIONS FOR TERMINATING SANCTIONS**<br><br>**[ECF Nos. 88, 89]** |

Presently before the court are two motions for terminating sanctions filed by Defendants Spe Terra Nova Villas Apartment Owner, LLC, Apartment Management Consultants, LLC, and Monica Flores (collectively "Defendants").  (ECF Nos. 88, 89.)  Both motions have been brought under Federal Rule of Civil Procedure 37.  In the first motion, Defendants move for terminating sanctions against Plaintiffs Russell Elliott and Nelly Elliot (collectively "Plaintiffs') for failing to provide Defendants with dates for their depositions.  (ECF No. 88.)  The second motion, filed solely by Spe Terra Nova Villas Apartment Owner, LLC ("SPE"), moves for terminating sanctions for Plaintiff Russell

Elliott's failure to provide SPE with responses to interrogatories.  (ECF No. 89.)  Alternatively, Defendants seek awards for the fees and expenses incurred in bringing the motions.  (ECF No. 88 at 7; ECF No. 89 at 6-7.)  For the reasons set forth below, the Court **RECOMMENDS** to the Honorable Cynthia Bashant that Defendants' motions for terminating sanctions be **DENIED**.

## I.    RELEVANT FACTUAL AND PROCEDURAL HISTORY

On March 6, 2024, Plaintiffs filed a Complaint alleging housing discrimination based on familial status, sex, disability, and national origin and intimidation, (ECF No. 1).  SPE filed its Answer on February 21, 2025. (ECF No. 17.)  Thereafter, a Case Management Conference was held and a Scheduling Order issued.  (ECF Nos. 28, 29.)  The Scheduling Order required all interrogatories, requests for admission, and document requests be served by September 5, 2025.  (ECF No. 29 ¶ 6.)  Fact discovery closed on October 31, 2025. (*Id*.)

On September 5, 2025, SPE served individual interrogatories and requests for production on Plaintiffs.  (ECF No. 55 at 3.)  Pursuant to the Federal Rules of Civil Procedure, responses were due no later than October 6, 2025.  (*Id*.)  Following Defendants' lodgment of the required discovery statement, this Court issued a briefing schedule which provided that a motion to compel was to be filed on or before November 5, 2025.  The motion to compel was duly filed, seeking that Plaintiffs be compelled to provide full responses to their discovery requests and provide possible deposition dates.  (ECF No. 55.)

On December 8, 2025, the Court issued an order requiring Plaintiffs to provide: (1) at least four possible deposition dates prior to January 30, 2026, within 14 days of the order; and (2) interrogatory responses within 21 days of the order.  (ECF No. 71, 7-8.)

On December 19, 2025, Plaintiff Nelly Elliott filed her discovery responses on the docket.  (ECF Nos. 73, 74.)  Notices of Document Discrepancies regarding these filings were issued and the documents were ordered stricken from the record.  (ECF Nos. 76, 76-1, 77, 77-1.)  On January 12, 2026, defense counsel attempted to meet and confer with Plaintiffs regarding Plaintiffs' failure to provide written discovery responses.  (*See*

Declaration of Gavin E. Jack, ECF No. 89-1 ("Jack SPE Decl.") ¶ 8.)  On January 21, 2026, Plaintiffs responded indicating that discovery responses were filed with the Court.  (*Id.* ¶ 9.)  And, on January 22, 2026, Plaintiffs provided Defendants with some responses to its interrogatories.  (*Id.* ¶ 10.)  Subsequently, on January 26, 2026, and February 12, 2026, defense counsel emailed Plaintiffs regarding the missing interrogatory responses.  (*Id.* ¶¶ 12-13.)

Regarding the deposition dates, defense counsel emailed Plaintiffs, on January 12, 2026, and February 12, 2026, attempting to meet and confer on Plaintiffs' depositions.  Plaintiffs have not provided any possible dates.  *See* Declaration of Gavin E. Jack, ECF No. 88-1 ("Jack Decl.") ¶¶ 9-14.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 37(b)(2)(A) provides:

> If a party or a party's officer, director or managing agent—or witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include the following:
>
> (i)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii)   prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii)  striking pleadings in whole or in part;
>
> (iv)   staying further proceedings until the order is obeyed;
>
> (v)    dismissing the action or proceeding in whole or in part;
>
> (vi)   rendering a default judgment against the disobedient party; or
>
> (vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37.  Further, the Rule also prescribes that "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure,

24-cv-00447-BAS-JLB

unless the failure was substantially justified, or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Generally, a "terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). Imposition of terminating sanctions under Rule 37 requires a showing of "willfulness, bad faith, and fault." *Id.* To determine whether such an action is just, the Ninth Circuit has devised a five-part test, namely:

> "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less dramatic sanctions." The sub-parts of the fifth factor are whether the court considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions.

*Id.* (internal footnotes omitted). However, this test is not "mechanical." *Id.* Rather, "[w]hat is most critical for case-dispositive sanctions … is whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" *Id.* at 1097 (citation omitted). "Where a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts, a case dispositive sanction may be appropriate." *Id.* (citation omitted).

**III.    DISCUSSION**

The question before the Court is whether Plaintiffs' disregard of the Court's December 8, 2025 discovery order warrants recommending dismissal under Rule 37(b).

For the past six months, Defendants have attempted to seek discovery and depose Plaintiffs. Defendants contend that the record in this case "demonstrates a repeated and escalating course of noncompliance culminating in Plaintiffs' violation of a specific Court order that was issued specifically to remedy Plaintiffs' earlier misconduct." (ECF No. 88. at 4.) Indeed, Defendants assert that Plaintiffs' conduct "is not a single missed deadline, it is a pattern: (1) failing to appear for properly noticed depositions without objections; (2) requiring Defendants to invoke the Court's informal discovery dispute procedure and

then filing a discovery motion to obtain an order compelling compliance; and (3) disregarding that order even after the Court expressly warned that continued noncompliance could lead to case-terminating sanctions." (ECF No. 88 at 5.) In support of their position, Defendants claim they have been unfairly prejudiced and have incurred unnecessary expense. (*Id.* 5-6). In opposition, Plaintiffs counter that they are appearing *pro se* and are attempting to diligently pursue their claims despite their homelessness, Mr. Elliott's disability, Mrs. Elliott's caregiving duties, a recent family financial crisis, and their lack of legal knowledge and resources. (*See generally,* ECF No. 91.)

On August 22, 2025, Defendants noticed Plaintiffs depositions for October 6 and 7, 2025, and served those notices on Plaintiffs. (*See* Jack Decl. ¶ 2.) Plaintiffs have neither objected to, nor appeared for, their respective depositions. (*Id.* ¶ 3.) Despite this Court's order to provide at least four deposition dates prior to January 30, 2026, (*see* ECF No. 71 at 8), and attempts by defense counsel to meet and confer, Plaintiffs have not provided any dates. (Jack Decl. ¶¶ 9-14.)

On September 5, 2025, SPE served both Plaintiffs with their first set of interrogatories and requests for production. (*See* Jack SPE Decl. ¶ 2.) Plaintiffs' failure to serve responses or request an extension resulted in this Court granting Defendants' motion to compel. (ECF. No. 71.) Plaintiffs have not met the December 29, 2025 deadline to provide Defendants with complete responses to written discovery requests and have ignored two requests from defense counsel to meet and confer on the topic. *(See generally,* Jack SPE Decl.)

Admittedly, the timeline set forth above indicates that Plaintiffs have not performed their discovery obligations or complied with the Court's earlier order, but this does not sufficiently evidence bad faith nor adequately establish a basis of dismissal at this time. In this case, the Court has not compelled Plaintiffs' depositions, Plaintiffs appeared at both settlement conferences, including the November 19, 2025 Mandatory Settlement Conference, and Plaintiffs continue to file motions and/or responses on the docket. Such activity demonstrates Plaintiffs have not abandoned this case and illustrates their ongoing,

good faith interest in pursuing this litigation.  And while not excusing Plaintiffs' failures, the Court is mindful that Plaintiffs are homeless, living out of their vehicle with two young children and without reliable access to computers.  (*See, e.g.,* ECF No. 91 at 8.)  These circumstances certainly make pursuing litigation difficult and reflect Plaintiffs dire circumstances.  *See Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) (recognizing that great leniency should be applied when evaluating a *pro se* plaintiff's compliance with the technical rules of civil procedure).  However, Plaintiffs' indigent circumstances and other challenges do not mean that Defendants can be prevented from building their case and certainly do not provide an ongoing justification for Plaintiffs to fail to: (1) provide the necessary discovery; (2) respond to interrogatories and requests for production; and (3) sit for their depositions.

Plaintiffs' continued engagement in pursuing their case suggests this matter can continue to proceed and be disposed of on the merits.  Thus, the factor taking into consideration the public's interest in expeditious resolution of litigation does not weigh in favor of dismissal.  *See, e.g., In re Phenylpropanolamine*, 460 F.3d 1217, 1227 (9th Cir. 2006) (noting the public has an "overriding interest in securing 'the just, speedy, and inexpensive determination of every action" while deferring to the district court's judgment about when delay becomes unreasonable) (quoting Fed. R. Civ. P. 1); *Mir v. Fosburg,* 706 F.2d 919 n.2 (9th Cir. 1983) (delay, without more, is not sufficient to justify the imposition of dismissal sanctions).  Similarly, the Court's need to manage its docket weighs against dismissal.  Plaintiffs have participated in written discovery and engaged in efforts to advance this case, albeit not consistently.  Addressing their non-compliance with certain discovery obligations has not consumed an inordinate amount of the Court's time to date. *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002) ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest.").

With respect to the risk of prejudice to Defendants, this factor weighs in favor of dismissal.  Defendants have spent approximately $6,000 preparing and bringing three

24-cv-00447-BAS-JLB

discovery-related motions over the last six months, necessitated by Plaintiffs' non-responsiveness. Plaintiffs' failure to appear for properly noticed depositions or supply the requisite potential deposition dates have prevented Defendants from properly defending against the claims in the operative complaint. *See, e.g., Ponce v. CalEnergy Operating Corp.,* No.: 22cv1808-W(LR), 2024 WL 987563, at \*4 (S.D. Cal. Mar. 7, 2024) (citing *Thurston v. Kokor,* No. 1:22-cv-00636-SAB (PC), 2023 WL 7418330, at \*4 (E.D. Cal. Nov. 9, 2023) ("Defendants suffered undue prejudice because [t]he[y] could not defend against Plaintiff's claims when Plaintiff deliberately refused to participate in his depositions.")).

On the other hand, the public policy favoring disposition of cases on their merits weighs against dismissal. *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 133 n.2 (9th Cir. 1987) (because this factor almost always cuts against terminating sanctions, it alone "is not sufficient to outweigh the other four factors."); *see also Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (the fourth factor always weighs against dismissal) (citation omitted). At this point in time, this case has not been unreasonably delayed by Plaintiffs' failure to comply with deadlines and basic discovery requirements.

Finally, although Plaintiffs were warned about the potential consequences of failing to respond to their discovery obligations and to comply with the December 8, 2025 order, the availability of less drastic sanctions nonetheless weighs against dismissal. *Malone,* 833 F.2d at 132 *(*a district court must consider alternatives to dismissal.) This factor is complicated in the current situation as Plaintiffs are indigent and homeless. Thus, the usual less drastic sanctions, and specifically financial penalties, would have an oversized impact on these Plaintiffs, and the Court is loath to recommend them. On the other hand, although Plaintiffs are inarguably impeded by their unhoused status and limited internet access, this cannot fully excuse their noncompliance with basic discovery obligations. The Court is increasingly concerned that Plaintiffs are opting to use their limited resources only to advance the prosecution of their case, to the exclusion of meeting obligations that are legally imposed (such as responding to discovery), but do not directly and obviously serve

24-cv-00447-BAS-JLB

their own interests.  This cannot continue.  At this time, however, Plaintiffs should be given one final chance to come into compliance.  The Court expects Plaintiffs to take this final opportunity to turn their attention to complying with discovery obligations and responding to Defendants when procedural rules require meeting and conferring.

After considering the above, this Court cannot conclude that Plaintiffs have "so damaged the integrity of the discovery process that there can never be assurance of proceeding on the true facts." *Conn. Gen. Life Ins. Co*, 482 F.3d at 1097.  Accordingly, it is the Court's **RECOMMENDATION** that Defendants' motions for terminating sanctions be **DENIED**.  The Court does, however, **RECOMMEND** Plaintiffs be cautioned that their continued failure to meet their ongoing discovery obligations could result in further sanctions, up to and including the recommendation of terminating sanctions.

As to Defendants request that Plaintiffs pay the attorneys' fees incurred in bringing the two motions (ECF No. 88 at 5-6; ECF No. 89 at 6-7), the Court **RECOMMENDS** that the request be **DENIED** as such an award would be unjust.  (*See* Fed. Rule. Civ. P. 37(d)(3)) (Plaintiffs must "pay the reasonable expenses, including attorney's fees, caused by [their] failure was substantially justified or other circumstances make an award of expenses unjust.")  While the Court is aware that Defendants have expended time and effort attempting to get Plaintiffs to fulfill their discovery obligations, given the fact that Plaintiffs are indigent, awarding $2420 would be unjust.  Accordingly, the Court **RECOMMENDS** Defendants request for fees be **DENIED**.

## IV.    CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** to the Honorable Cynthia Bashant that: (1) Defendants' request for terminating sanctions be **DENIED**; (2) Defendants' motion for attorneys' fees be **DENIED**; (3) no monetary sanctions against Plaintiffs be imposed; and (4) Plaintiffs be cautioned that they must comply with their discovery obligations, including sitting for their depositions, and further failures to comply

24-cv-00447-BAS-JLB

with discovery obligations or court orders could result in sanctions, up to and including, terminating sanctions.[1]

**IT IS HEREBY ORDERED** that any written objections to this Report and Recommendation regarding terminating sanctions must be filed with the Court and served on all parties no later than **April 22, 2026**.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **May 6, 2026**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated:  April 8, 2026

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[1]    By separate order, the Court will be setting a telephonic hearing at which dates for conducting Plaintiffs depositions and meeting other discovery obligations will be set.

24-cv-00447-BAS-JLB