# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL ELLIOTT, *et. al*,<br><br>Plaintiffs,<br><br>v.<br><br>SPE TERRA NOVA APARTMENT OWNERS LLC, *et. al*.,<br><br>Defendants. | Case No. 24-cv-00447-BAS-JLB<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANTS' MOTION FOR TERMINATING SANCTIONS (ECF Nos. 88, 89); AND**<br><br>**(2) APPROVING AND ADOPTING REPORT AND RECOMMENDATION (ECF No. 96)** |

Pending before the Court are motions for terminating sanctions submitted by Defendants Spe Terra Nova Villas Apartment Owner, LLC, Apartment Management Consultants, LLC, and Monica Flores (ECF No. 88, 89) and a Report and Recommendation issued by United States Magistrate Judge Jill L. Burkhardt ("R & R"). (ECF No. 96.)

24cv447

Both of Defendants' motions have been brought under Federal Rule of Civil Procedure 37. In the first motion, Defendants move for terminating sanctions against Plaintiffs Russell Elliott and Nelly Elliot (collectively "Plaintiffs') for failing to provide Defendants with dates for their depositions. (ECF No. 88.) The second motion, filed solely by Spe Terra Nova Villas Apartment Owner, LLC ("SPE"), moves for terminating sanctions for Plaintiff Russell Elliott's failure to provide SPE with responses to interrogatories. (ECF No. 89.) Alternatively, Defendants seek awards for the fees and expenses incurred in bringing the motions. (ECF No. 88 at 7; ECF No. 89 at 6-7.)

For the reasons below, the Court **ADOPTS** the R & R. (ECF No. 96). The Court also **DENIES** Defendants' motions for terminating sanctions. (ECF Nos. 88, 89.)

## I.    BACKGROUND

On March 6, 2024, Plaintiffs Russell Elliott and Nelly Elliott, appearing pro per, filed a Complaint alleging housing discrimination based on familial status, sex, disability, and national origin and intimidation, (ECF No. 1). SPE filed its Answer on February 21, 2025. (ECF No. 17.) Thereafter, a Case Management Conference was held and a Scheduling Order issued. (ECF Nos. 28, 29.) The Scheduling Order required all interrogatories, requests for admission, and document requests be served by September 5, 2025. (ECF No. 29 ¶ 6.) Fact discovery closed on October 31, 2025. (*Id*.)

On September 5, 2025, SPE served individual interrogatories and requests for production on Plaintiffs. (ECF No. 55 at 3.) Pursuant to the Federal Rules of Civil Procedure, responses were due no later than October 6, 2025. (*Id*.) Following Defendants' lodgment of the required discovery statement, this Court issued a briefing schedule which provided that a motion to compel was to be filed on or before November 5, 2025. The motion to compel was duly filed, seeking that Plaintiffs be compelled to provide full responses to their discovery requests and provide possible deposition dates. (ECF No. 55.)

On December 8, 2025, the Court issued an order requiring Plaintiffs to provide: (1) at least four possible deposition dates prior to January 30, 2026, within 14 days of the order; and (2) interrogatory responses within 21 days of the order. (ECF No. 71, 7-8.)

24cv447

On December 19, 2025, Plaintiff Nelly Elliott filed her discovery responses on the docket. (ECF Nos. 73, 74.) Notices of Document Discrepancies regarding these filings were issued and the documents were ordered stricken from the record. (ECF Nos. 76, 76-1, 77, 77-1.) On January 12, 2026, defense counsel attempted to meet and confer with Plaintiffs regarding Plaintiffs' failure to provide written discovery responses. (See Declaration of Gavin E. Jack, ECF No. 89-1 ("Jack SPE Decl.") ¶ 8.) On January 21, 2026, Plaintiffs responded indicating that discovery responses were filed with the Court. (*Id*. ¶ 9.) And, on January 22, 2026, Plaintiffs provided Defendants with some responses to its interrogatories. (*Id*. ¶ 10.) Subsequently, on January 26, 2026, and February 12, 2026, defense counsel emailed Plaintiffs regarding the missing interrogatory responses. (*Id*. ¶¶ 12–13.)

Regarding the deposition dates, defense counsel emailed Plaintiffs, on January 12, 2026, and February 12, 2026, attempting to meet and confer on Plaintiffs' depositions. Plaintiffs have not provided any possible dates. *See* Declaration of Gavin E. Jack, ECF No. 88-1 ("Jack Decl.") ¶¶ 9–14.)

Judge Burkhardt issued the R&R on April 8, 2026. (ECF No. 96.) Defendants timely objected on April 22, 2026. (ECF No. 99.) Plaintiffs replied to Defendants' objection. (ECF No. 100.) For the reasons discussed below, this Court adopts the R&R in its entirety.

## II. DEFENDANTS' OBJECTION TO REPORT AND RECOMMENDATION (ECF No. 99)

District judges review *de novo* those portions of the R & R to which objections are made. 28 U.S.C. § 636(b)(1). They may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* But "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no

24cv447

objections were filed, the district court had no obligation to review the magistrate judge's report).

Objections must be written and specific. *See, e.g.*, Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations" of the magistrate judge. In the absence of specific objection, the clear weight of authority indicates that the court need only satisfy itself that there is no "clear error" on the face of the record before adopting the magistrate judge's recommendation. *See, e.g.*, Fed. R. Civ. P. 72(b) Advisory Comm. Notes (1983) (citing *Campbell v. United States Dist. Court*, 501 F.3d 196 (9th Cir. 1974)).

Here, Defendants object to the R&R (ECF No. 96) on two grounds. The Court addresses each in turn.

*First*, Defendants object to Judge Burkhardt's R&R on grounds that the case record demonstrates noncompliance despite clear court orders and repeated meet-and-confer efforts. (ECF No. 99 at 3:13-24.) However, for the reasons discussed in the R&R (ECF No. 96 at 5–6), the fact that Plaintiffs may have failed to meet discovery obligations or meet this Court's prior Orders "does not sufficiently evidence bad faith nor adequately establish a basis of denial at this time" (*id.* at 5:24-25) under Federal Rule of Civil Procedure 37(b), especially given that Plaintiffs have continued to pursue the current case.

*Second*, Defendants object to the R&R on grounds that enforceable remedies are necessary—given that Plaintiff were repeatedly warned that sanctions may result from noncompliance with discovery Orders. The Court disagrees. As the R&R reasons, Plaintiffs are indigent and homeless; and even the usual less drastic sanctions (*e.g.*, financial penalties) would have an oversized impact on Plaintiffs. Even though Defendants propose certain non-monetary remedies,[1] Defendants still do not present reasons why the "severe" sanctions under Rule 37 are necessary where "at this point in

---

[1] Plaintiffs reply to Defendants' objection and dispute the imposition of a rigid discovery schedule. (ECF No. 100.) However, the Court does not need to consider the arguments in Plaintiffs' reply given that the Court declines to adopt Defendants' objections in this Order.

- 4 -

time, this case has not been unreasonably delayed by Plaintiffs' failure to comply with deadlines and basic discovery requirements." (ECF No. 96 at 7:15-16.)

## III.   CONCLUSION

For the reasons above, the Court concludes that Judge Burkhardt's reasoning is sound and correct in her R&R (ECF No. 96) recommending that this Court deny Defendants' motions for terminating sanctions (ECF Nos. 88, 89).

Thus, the Court **OVERRULES** Defendants' Objections (ECF No. 99) and **ADOPTS** the R&R **IN ITS ENTIRETY** (ECF No. 96).  Accordingly, the Court **DENIES** Defendants' motions for terminating sanctions (ECF Nos. 88, 89).

**IT IS SO ORDERED.**

**DATED: April 29, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

24cv447