# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL ELLIOT and NELLY ELLIOT,<br><br>Plaintiffs,<br><br>v.<br><br>SPE TERRA NOVA APARTMENT OWNERS LLC., *et. al*,<br><br>Defendants. | Case No. 24-cv-00447-BAS-JLB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL, OR IN THE ALTERNATIVE, FOR GUARDIAN AD LITEM**<br>**(ECF No. 104)** |

Before the Court is a motion for appointment of counsel, or in the alternative, for the appointment of guardian ad litem submitted by Plaintiffs Russell Elliott and Nelly Elliott ("Motion"). (ECF No. 104.)  For the reasons below, the Court **DENIES** Plaintiffs' Motion. (*Id*.)

Unlike criminal defendants, indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981).  Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  In civil cases, counsel should be appointed only in "exceptional circumstances."  *Id.* To determine

- 1 -

whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  Neither factor is dispositive, and both must be evaluated together.  *Id*.  Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if he or she voluntarily accepts the appointment.  *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915 does not "authorize[ ] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case").

Here, Plaintiffs Nelly Elliott and Russell Elliott seek pro bono counsel on the basis of their indigence.  (ECF No. 104.)   However, absent evidence that these factors significantly interfere with Plaintiffs' ability to prosecute the case, they have not demonstrated "extraordinary circumstances" warranting appointment of counsel.  *See Olson v. Smith*, 609 Fed. Appx. 370, 373 (9th Cir. 2015), *cert. denied*, 136 S.Ct. 1165 (2016) (disabilities); *see also Signorelli v. Hughes*, 363 Fed. Appx. 455, 456 (9th Cir. 2010); (disabilities); *Bolton v. Towing*, No. 523CV00941JLSAJR, 2023 WL 8168951, at *1 (C.D. Cal. Nov. 9, 2023) (homelessness); *Webb v. NaphCare, Inc.*, 2022 WL 2192977, at *2 (W.D. Wash. Jun. 16, 2022) (homelessness and indigence).  Plaintiffs have demonstrated that, despite their adverse circumstances, they have been able to continue prosecuting their case and articulating their claims without the assistance of counsel.

For similar reasons, nothing in Plaintiffs' papers indicates that they will not be able to protect their own interests or the interests of their minor children such that appointing a guardian ad litem is necessary.  More specifically, given Plaintiffs continued prosecution of their case, Plaintiffs have not shown a "need for the court to appoint a guardian ad litem." *See Doe ex rel. Sisco v. Weed Union Elementary Sch. Dist.*, No. 2:13-CV-01145-GEB, 2013 WL 2666024, at *2 (E.D. Cal. June 12, 2013) (declining to appoint guardian ad litem where representation of a minor by a parent where there is no demonstrated conflict of

24cv447

interest between minor and parent).  Further, at this stage, it does not appear to the Court that the facts nor the legal issues involved in this case are unusually complex.

Accordingly, the Court **DENIES** Plaintiffs' Motion (ECF No. 104).

**IT IS SO ORDERED.**

**DATED: May 4, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

24cv447