UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSEL ELLIOTT, et al.,<br><br>                         Plaintiffs,<br><br>v.<br><br>SPE TERRA NOVA APARTMENT OWNERS LLC, et al.,<br><br>                         Defendants. | Case No.:  24-cv-00447-BAS-JLB<br><br>**ORDER ON PLAINTIFFS' CONSOLIDATED EX PARTE APPLICATION FOR: (1) ORDER COMPELLING DISCOVERY (FRCP 37); APPOINTMENT OF SPECIAL MASTER (FRCP 53); AND APPOINTMENT OF MASTER RECEIVER (FRCP 66)**<br><br>**[ECF No. 94]** |

Presently before the Court is Plaintiff Russel Elliott's and Plaintiff Nelly Elliott's (collectively "Plaintiffs") Consolidated Emergency *Ex Parte* Application for: (1) Order Compelling Discovery (FRCP 38); (2) Appointment of Special Master (FRCP 53); and (3) Appointment of Master Receiver (FRCP 66).  (ECF No. 94.)  For the reasons set forth below, the Court **DENIES** all of Plaintiffs' requests.

I.      **RELEVANT FACTUAL AND PROCEDURAL HISTORY**

On March 6, 2024, Plaintiffs filed a Complaint alleging housing discrimination based on familial status, sex, disability, and national origin and intimidation, (ECF No. 1.) SPE filed its Answer on February 21, 2025.  (ECF No. 17.)  Thereafter, a Case Management

24-cv-00447-BAS-JLB

Conference was held and a Scheduling Orders issued.  (ECF Nos. 28, 29.)  The Scheduling Order required all interrogatories, requests for admission, and document requests be served by September 5, 2025.  (ECF No. 29 ¶ 6.)  Fact discovery closed on October 31, 2025.  (*Id*.)

Several entries have been filed on the docket regarding discovery obligations.  (*See* ECF No. 55, 71, 73, 74, 76, 77, 88, 89, 91.)

On March 20, 2026, Plaintiffs filed the Consolidated Emergency *Ex Parte* Application for: (1) Order Compelling Discovery (FRCP 38); (2) Appointment of Special Master (FRCP 53); and (3) Appointment of Master Receiver (FRCP 66) and accompanying exhibits.  (ECF No. 94, 94-1.)  Defendants duly filed their Response in Opposition.  (ECF No. 95.)

## II.    LEGAL STANDARD

Generally, Federal Rule of 37(a) provides that a party may move for an order compelling disclosure or discovery.  Fed. R. Civ. P. 37(a).  And the Rule also prescribes that, when a motion to compel is granted, the Court must "after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5).

Under Federal Rule of Civil Procedure 53, a court may appoint a master only to:

(A) perform duties consented to by the parties;

(B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by:

    (i)     some exceptional condition; or

    (ii)    the need to perform an accounting or resolve a difficult computation of damages; or

(C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

Fed. R. Civ. P. 53(a)(1).

24-cv-00447-BAS-JLB

Rule 66 of the Federal Rules of Civil Procedure governs an action in which the appointment of a federal receiver is sought, or a receiver sues or is sued.  Fed. R. Civ. P. 66.  Appointment of a receiver is a measure utilized by district courts as an extraordinary equitable remedy which is applied with caution.  *See Can. Life Assurance Co. v. LaPeter,* 563 F.3d 837, 844 (9th Cir. 2009).

## III.    DISCUSSION

The Court will address each of Plaintiffs' motions in turn.

### A: Motion to Compel Discovery

First, the Court will consider Plaintiffs' request for an order to compel the immediate production of documents and responses to discovery requests that they claim Defendants have willfully withheld.  (ECF No. 94 at 9-10.)  Plaintiffs argue that Defendants have refused to answer basic discovery regarding their "Ghost Broker" status and corporate structure, claiming this purported failure "is a calculated strategy to prevent the[m] [] from identifying the location of [] $82 million before the 2027 trial date." *Id.* at 9.  Specifically, Plaintiffs maintain the Defendants have withheld: (1) records detailing the transfer of $82 million from SPE Terra Nova to CG Artisan I, LLC; (2) proof of broker licensure for 2022; and (3) a full list of all fictious business names utilized by the "Single Integrated Enterprise." (*Id.* at 9-10.)

Rule 37(a)(1) dictates that Plaintiffs must include with their motion to compel a certification that they have conferred or at least attempted to confer with defense counsel regarding the discovery issue.  *See* Fed. R. Civ. P. 37(a)(1).  However, there is no evidence before the Court that Plaintiffs performed this required action.  Indeed, Defendants maintain that "Plaintiffs failed to comply with [this Court's] Rules, which require in-person or telephonic meet-and-confer efforts."  (ECF No. 95 at 3.)

More importantly, the Court cannot compel a party to produce discovery unless the requesting party demonstrates that relevant, proportional discovery was requested in a procedurally proper way, and the responding party wrongfully withheld the discovery without raising proper objections.  Plaintiffs have put no evidence before the Court that

they issued relevant, proportional discovery during the discovery period seeking the information they now seek to compel. Therefore, the Court cannot grant Plaintiff's motion to compel. Furthermore, discovery is now closed. Plaintiffs have failed to make an adequate showing that *ex parte* relief is warranted. Accordingly, the Court **DENIES** Plaintiffs request for an order compelling disclosure.

Relatedly, Plaintiffs ask the Court to impose monetary sanctions against Defendants under Federal Rule of Civil Procedure 37(a)(5) for failure to disclose a case brought against them in the Northern District of California, *Texas Insurance Co. v. JSP, et al.,* Case No. 25-cv-10807-WHO, and failure to disclose their unlicensed status. (ECF No. 94 at 10.) Again, there is no evidence before the court that Plaintiffs sought this information in discovery, much less that it was wrongfully withheld. Under these circumstances, the Court cannot grant a motion to compel or impose sanctions.

Accordingly, the Court **DENIES** Plaintiffs request for monetary sanctions. *See* Fed. R. Civ. P. 37(b)(2)(C).

## B: Motion to Appoint Special Master

Next, the Court addresses Plaintiffs' request for the Court to appoint a special master to issue rulings regarding "alias identity disclosure." (*See generally* ECF No. 94 at 6-9.) Plaintiffs argue that appointment of a special master is warranted as "Defendants have constructed a corporate labyrinth designed specifically to evade regulatory oversight and legal accountability…[which] requires a specialized 'watchdog' with the authority to perform a comprehensive audit of [] Defendants." ECF No. 94 at 6-7. In essence, Plaintiffs are asking this Court to appoint a financial expert to investigate the financial dealings of named Defendants and other entities not parties to this lawsuit. Appointment of a special master can be appropriate when needed "to address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C). However, Plaintiffs have not identified any pretrial matter that is within the scope of this litigation that the Court cannot effectively and timely address. Other than citing Federal Rule of Civil Procedure 53, which does not apply in this

circumstance, Plaintiffs cite no binding or persuasive legal authority to support their request for this Court to make such an appointment. Accordingly, Plaintiffs' motion to appoint a special master is **DENIED**.

### C. Motion to Appoint Master Receiver

Finally, the Court addresses Plaintiffs' request for the Court to appoint a master receiver to take control of a non-party, CG Artisan I, LLC's, assets. Plaintiffs contend Defendants' "current actions liquidating the $82,000,000.00 Terra Nova Villas asset exactly 48 hours after service and diverting those proceeds to a Delaware "shell" (CG Artisan I, LLC) constitute a textbook case of Fraudulent Conveyance intended to frustrate the ultimate judgment of this Court." ECF No. 94 at 4. Plaintiffs urge the court to take control of the CG Artison I, LLC accounts to ensure the status quo is maintained. However, Plaintiffs again fail to cite any binding or persuasive authority to support their request for this Court to appoint a receiver over a party not subject to this suit.

As noted above, appointment of a receiver is a measure utilized by district courts as an extraordinary equitable remedy which is applied with caution. Here, Plaintiffs have expressed concern about Defendant's alleged transfer of assets but have not presented the requisite evidence that application of this extraordinary remedy is necessary. *See Can. Life Assurance Co.,* 563 F.3d at 844 *(*setting forth seven factors for the court to consider when determining when a receiver may be appointed). The compensatory and equitable relief Plaintiffs seek in this case weigh against a finding that the legal remedies sought are inadequate. Plaintiffs have not illustrated to the Court that they have some legally recognizable right in the property that amounts to more than a mere claim against their opponents. Of note here, and a consideration to which the Court gives considerable weight, Plaintiffs have not demonstrated that they have a likelihood of being awarded a sum that would exceed Defendants ability to pay, even if, as alleged by Plaintiffs, Defendants are in the process of selling their most significant asset. Thus, Plaintiffs have not established irreparable injury to their interest such that this extraordinary remedy is warranted. In sum, the appointment of a receiver is not supported and there is no "clear necessity to protect

24-cv-00447-BAS-JLB

Plaintiffs' [purported] interests in the property." *Solis v. Matheson,* 563 F.3d 425, 437 (9th Cir. 2009). Accordingly, Plaintiffs' motion to appoint a receiver is **DENIED.**

### D. Caution about Filing Future *Ex Parte* Applications

As accurately noted by Defendants, *ex parte* relief is reserved for truly exigent circumstances. Courts generally require applicants to demonstrate: (1) immediate and irreparable injury before the adverse party can be heard; (2) a risk that notice would result in destruction of evidence or flight; or (3) the need for a routine procedural order unavailable through regular motion practice. *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1211 (C.D. Cal. 2013). This is, in part, because:

> . . . [E]x parte applications contravene the structure and spirit of the Federal Rules of Civil Procedure and the Local Rules of this court. Both contemplate that noticed motions should be the rule and not the exception. Timetables for the submission of responding papers and for the setting of hearings are intended to provide a framework for the fair, orderly, and efficient resolution of disputes. Ex parte applications throw the system out of whack. They impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason. They demand priority consideration, where such consideration is seldom deserved. In effect, they put the applicant "ahead of the pack," without cause or justification.

*Id.* at 1205 (quoting *In re Intermagnetics America, Inc.*, 101 B.R. 191 (C.D. Cal. 1989) (footnote omitted)).

This Court's chamber's rules set forth the proper procedure for filing noticed motions. Future filings of *ex parte* applications that do not qualify for *ex parte* treatment will be stricken from the docket and not addressed on the merits. As to any future *ex parte* applications filed by Plaintiff, Defendants are excused from filing a response within 24 hours as ordinarily required by the Court's chambers rules. Instead, the Court will issue a briefing schedule for any *ex parte* applications not stricken from the docket.

///

///

///

24-cv-00447-BAS-JLB

## IV.   CONCLUSION

For the foregoing reasons, the Court:

1. **DENIES** Plaintiffs' Motion to Compel Discovery;

2. **DENIES** Plaintiffs' Request for Monetary Sanctions;

3. **DENIES** Plaintiffs' Motion to Appoint Special Master; and

4. **DENIES** Plaintiffs' Motion to Appoint Master Receiver.

**IT IS SO ORDERED**.

Dated:  May 11, 2026

Hon. Jill L. Burkhardt
United States Magistrate Judge

24-cv-00447-BAS-JLB