**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

RUSSELL ELLIOTT and NELLY ELLIOTT,

Plaintiffs,

v.

SPE TERRA NOVA APARTMENT OWNERS LLC., *et al.*,

Defendants.

Case No. 24-cv-00447-BAS-JLB

**ORDER:**

**(1) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL (ECF No. 138); AND**

**(2) DENYING AS MOOT REMAINING MOTIONS (ECF Nos. 129, 130, 134)**

For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion for voluntary dismissal submitted by Plaintiffs Russell and Nelly Elliott. (ECF No. 138.) More specifically, the Court grants dismissal, but rather than dismissing the case without prejudice, the Court **DISMISSES WITH PREJUDICE** the present action. Accordingly, the Court **DENIES AS MOOT** remaining motions. (ECF Nos. 129, 130, 134.) The Clerk of Court is **DIRECTED TO CLOSE** the current action.

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves

either an answer or a motion for summary judgment. "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The Ninth Circuit has long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the [d]istrict [c]ourt[.]" *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982).

"A district court should grant a motion for dismissal under Rule 41(a)(2) unless a defendant can show it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "Legal prejudice" is "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

A defendant is not said to suffer "legal prejudice" from: (1) "[u]ncertainty because a dispute remains unresolved" or the "threat of future litigation"; (2) the inconvenience of having to defend itself in a different forum; or (3) a plaintiff gaining a tactical advantage through dismissal. *Smith*, 263 F.3d at 976 (citing *Hamilton*, 679 F.2d at 145). Furthermore, "the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands Water Dist.*, 100 F.3d at 97.

## II. ANALYSIS

As an initial matter, the Court agrees with Defendants that because they moved for summary judgment, Plaintiffs can no longer dismiss the action unilaterally under Rule 41(a)(1)(A)(i). (ECF No. 144 at 2:22–24.) The Court now turns to Defendants' arguments under Rule 41(a)(2).

### A. Whether Voluntary Dismissal Under Rule 41(a)(2) Is Appropriate

Defendants argue that dismissal would be impractical because their motions in the current dispute remain unresolved, Plaintiffs move to dismiss to gain a tactical advantage and plan to sue them in another forum (*i.e.*, state court), and Defendants have already incurred significant expenses in defending the present action. (ECF No. 144 at 4:16–11:14.) However, courts have explicitly held that these reasons are insufficient to

demonstrate legal prejudice and thus to oppose voluntary dismissal under Rule 41(a)(2). *See Smith*, 263 F.3d at 976 (citing *Hamilton*, 679 F.2d at 145) (threat of future litigation, different forum, movant seeking tactical advantage); *Westlands Water Dist.*, 100 F.3d at 97 (expenses incurred by nonmovant).

Defendants also argue that the length and stage of current litigation weigh against voluntary dismissal under Rule 41(a)(2). (ECF No. 144 at 8:8–10 ("Plaintiffs seek to relocate the litigation only after approximately two and one-half years of discovery, discovery disputes and violations, and dispositive-motion practice.").) However, "the relevant inquiry is not how long a case had been pending but whether dismissal is sought by the plaintiff at a stage at which legal prejudice to the defendant is likely to ensue." *Segal v. Segel*, No. 20-cv-1382-BAS-JLB, 2022 WL 848324, at *3 (S.D. Cal. Mar. 22, 2022) (citing *Watson v. Clark*, 716 F. Supp. 1354, 1356 (D. Nev. 1989), *aff'd*, 909 F.2d 1490 (9th Cir. 1990)). Although the Court has denied Defendants' motion for summary judgment because it relied on improperly noticed requests for information (*see* ECF No. 86), the Court did not rule on the merits of the underlying case. Accordingly, the Court finds that the length of litigation and its current stage do not amount to legal prejudice to Defendants upon dismissal.

**B. Whether Dismissal Without Prejudice Is Appropriate**

Generally, district courts have discretion to dismiss a case with or without prejudice under Rule 41(a)(2). *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 (9th Cir. 2023). "But [the Ninth Circuit has] cabined that discretion by repeatedly holding that '[w]here the request is to dismiss without prejudice, "[a] District Court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result."'" *Id.* at 1279 (internal citations omitted).

Plaintiffs request dismissal of the current action without prejudice. (*See* ECF No. 138.) Defendants argue that, if the Court dismisses the case at all, it should dismiss the case with prejudice based on the current stage of litigation (ECF No. 144 at 10:16–11:14), Defendants' earlier-filed and unopposed motions (*id.* at 11:15–12:19), Plaintiffs' possible

evasion of the consequences of their own litigation conduct (*id.* at 12:20–13:14), and costs already spent on the litigation (*id.* at 13:15–14:18). Although these reasons do not demonstrate "plain legal prejudice" to Defendants in the event of dismissal, *see supra* § II.A, the Court finds Plaintiffs' continued litigation conduct would prejudice Defendants if the case were not dismissed with prejudice. *Kamal*, 88 F.4th at 1279.

Indeed, Plaintiffs have consistently failed to participate in discovery and to participate in court-ordered depositions throughout this action, all at expense to Defendants. Given that Plaintiffs' inaction precludes resolution of the case for Defendants and disturbs the Court's docket management, the Court finds dismissing the case *with* prejudice is appropriate. *See* Fed. R. Civ. P. 41(b) (authorizing a court to dismiss an action with prejudice when the plaintiff fails to prosecute or to comply with a court order); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (dismissing with prejudice in part because "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"); *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987) (dismissing with prejudice because plaintiff's absence and inaction precludes resolution of the case for the defendants).

## III. CONCLUSION

For the reasons above, the Court **GRANTS IN PART** and **DENIES IN PART** the motion for voluntary dismissal submitted by Plaintiffs Russell and Nelly Elliott. (ECF No. 138.) More specifically, the Court grants dismissal, but rather than dismissing the case without prejudice, the Court **DISMISSES WITH PREJUDICE** the present action. Accordingly, the Court **DENIES AS MOOT** remaining motions. (ECF Nos. 129, 130, 134.) The Clerk of Court is **DIRECTED TO CLOSE** the current action.

**IT IS SO ORDERED.**

**DATED: September 2, 2026**

Cynthia Bashant

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**